## Case No. 17,397.

### WELLS v. HUBBARD.

[2 Cranch, C. C. 292.] [1]

Circuit Court, District of Columbia. April Term, 1822.

TRESPASS BY CONSTABLE—BREAKING INTO DWELLING.

A constable is not justified in breaking into a dwelling-house, by a warrant from a justice of the peace to search for goods clandestinely removed by a tenant to deprive his landlord of his remedy by distress for rent.

Trespass quare clausum fregit. The defendant [Solomon Hubbard], who was a constable, justified under a warrant from a justice of the peace to search for goods clandestinely removed by Sears, tenant of Johnston, within thirty days after the expiration of the term, under the statute of 11 Geo. II. c. 19.

Mr. Ashton, for defendant, cited Bradb. Dis. 14, 15, and the statute 11 Geo. II. c. 19, which was in force in Maryland, and adopted as the law of this county, by the act of congress of the 27th February, 1801 (2 Stat. 103), "concerning the District of Columbia."

Mr. Jones, for plaintiff [Cornelius Wells]. That statute does not authorize a warrant. The landlord, or his bailiff, by the first section is authorized to seize the goods, wherever found, within thirty days after removal; and by the seventh section, to break open and enter any dwelling-house where the same shall be suspected to be concealed. first calling the constable of the place to his assistance, and making oath before some justice of the peace, of a reasonable ground to suspect that such

[1] [Reported by Hon. William Cranch, Chief Judge.]

goods are therein. and if found, may seize the goods for the arrears of rent, as if found in any open place. .

Mr. Ashton, in reply. The magistrate had jurisdiction to issue the warrant, and the constable was bound to obey it.

THE COURT (THRUSTON, Circuit Judge. absent) was of opinion, that the constable was not. as constable, justified by the warrant. because the justice had no jurisdiction to grant such a warrant. That the right to break open the doors, was the right of the landlord, or his bailiff, as such. That the constable is required to be present only to keep the peace. and that, even then, if the goods be not found in the house. the constable who breaks open the doors, is liable to an action of trespass. Verdict for plaintiff.